**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50579 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00402-GAF-1 |
| v. | |
| ABEL PENA-SILVA, AKA Fernando Pena-Silva, AKA Fernando Zaragoza-Torres, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50581 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00403-GAF-1 |
| v. | |
| RICARDO RODRIGUEZ-MANZO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

---

      \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 6, 2014[**]
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

**1.** We need not decide whether the immunity agreements were valid. Assuming for purposes of argument that they were, the agreements unambiguously applied only to convictions under 8 U.S.C. § 1325. The agreements specified that they did not provide immunity for "any offense not explicitly stated above," and "Title 8, United States Code, article 1325" was the only listed offense. As both defendants were charged only with violating 8 U.S.C. § 1326, the agreements, even if valid, would not bar their convictions.

**2.** The government did not violate defendants' right to counsel. Aliens held in immigration custody may be represented by counsel, but they do not have a right to appointed counsel. *See* 8 U.S.C. § 1229a(b)(4)(A); *Magallanes-Damian v. I.N.S.*, 783 F.2d 931, 933 (9th Cir. 1986). Defendants were in administrative custody in connection with removal proceedings. Neither the initial transmission of the immunity agreement, nor their contact with staff from the Federal Public Defender's office, altered the status of their detention. There is no evidence that the government prevented defendants from communicating with counsel.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**3.** The government did not violate Federal Rule of Criminal Procedure 5(a). Rule 5 does not apply to individuals detained in civil immigration proceedings. *United States v. Cepeda-Luna*, 989 F.2d 353, 358 (9th Cir. 1993). Once the criminal complaint was filed, the defendants were immediately presented to a magistrate and appointed counsel. Finally, the government did not violate defendants' Fourth or Fifth Amendment rights.

**AFFIRMED.**